# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| **MICHAEL YOUNG** | **CIVIL ACTION NO:** |
| V. | **DISTRICT JUDGE:** HON. |
| **SPARTAN COMPANIES, LLC OF UTAH., AND BP AMERICA INC.** | **MAGISTRATE JUDGE:** HON. |

## NOTICE OF REMOVAL

**TO THE HONORABLE JUDGES OF SAID COURT:**

**NOW INTO COURT**, through undersigned counsel, comes Defendant, BP America Inc. (hereinafter referred to as "bp"), which, although not the correct party in interest, removes this civil action from the 18th Judicial District Court for the Parish of West Baton Rouge, State of Louisiana, to the United States District Court for the Middle District of Louisiana, pursuant to 28 U.S.C. § 1441(a).

### I. PENDING STATE COURT SUIT

1.

Plaintiff, Michael Young, ("Plaintiff"), filed a Petition for Damages naming Spartan Companies, LLC of Utah. ("Spartan") and BP America Inc. ("bp") (collectively "Defendants") as defendants on August 28, 2023, in the 18th Judicial District Court, Parish of West Baton Rouge, State of Louisiana, bearing docket no. 1048457, entitled "*Michael Young v. Spartan Companies, LLC of Utah., and BP America Inc.*", alleging injuries which occurred on the

premises of a chemical plant located in West Baton Rouge Parish on or about August 26, 2022.[1] As addressed below, BP America Inc. had no legal relationship to the site of the alleged incident on August 26, 2022 or presently. Rather, BP Lubricants USA Inc. is the proper defendant in this action.

2.

Defendant, bp, has not yet filed responsive pleadings in response to Plaintiff's Petition for Damages filed in the 18th Judicial District Court, and therefore, expressly reserves any and all defenses and exceptions it may have, now or in the future, as to the merits of the claims asserted in the Petition for Damages, the lack or insufficiency of service, process, venue, or jurisdiction, and waives none of the aforesaid defenses or exceptions by filing this Notice of Removal.

3.

Defendant, bp, further notes that the incorrect entity has been named in Plaintiff's Petition for Damages. BP Lubricants USA Inc. is the appropriate entity which owned/operated the chemical plant referenced in Mr. Young's Petition, not BP America Inc. Plaintiff has been advised of the issue and the pleadings will be amended to identify the proper entity in due course. Nonetheless, as addressed below, for purposes of establishing diversity jurisdiction to support removal, BP Lubricants USA Inc. is likewise completely diverse from the plaintiff, Michael Young.

4.

A copy of the Petition and all filings in the possession of bp in the State Court action are attached, *in globo*, as Exhibit "A". Exhibit "A" includes true and correct copies of all process,

---

[1] *See* Petition for Damages, ¶ 2, Exhibit "A".

pleadings, and orders found as of this filing in the 18th Judicial District Court for the Parish of West Baton Rouge record, as required by 28 U.S.C. § 1446(a).

## II.   TIMING OF REMOVAL

5.

Defendant, bp, was served with Citation of the Petition on September 6, 2023, its first notice of the suit. Therefore, this Notice of Removal has been filed within thirty (30) days of receipt of the Petition in accordance with 28 U.S.C. § 1446(b).

6.

Upon information and belief, while denying all allegations and reserving all defenses and affirmative defenses, it can be reasonably ascertained that BP Lubricants USA Inc., is the proper party in interest from whom judgment is sought, because it is the operator of the chemical plant located in West Baton Rouge Parish where Plaintiff allegedly sustained his injuries on August 26, 2022. BP America Inc. had no legal relationship with the chemical plant located in West Baton Rouge Parish, which is the subject of Plaintiff's Petition or Damages.

## III.   VENUE

7.

Venue is proper in the United States District Court for the Middle District of Louisiana because it is the federal judicial district embracing the place where the action is pending. To the extent necessary, all Defendants consent to this removal.

## IV.   REMOVAL JURISDICTION

8.

A defendant has the right to remove a case to federal court when federal jurisdiction exists and when the removal procedure is properly followed. Under 28 U.S.C. § 1441(a), any

state court civil action over which a federal court would have original jurisdiction may be removed from state to federal court. Removal of this case is, therefore, proper pursuant to 28 U.S.C. § 1441(a). This Court has diversity subject matter jurisdiction over Plaintiff's claims under 28 U.S.C. § 1332, because Plaintiff alleges he is a citizen of Louisiana and the Defendants against whom judgment is sought are not citizens of Louisiana, and the Plaintiff has alleged damages in excess of the jurisdictional amount of $75,000, exclusive of interest or costs.

9.

This Court has original jurisdiction over this action pursuant to 28 U.S.C. § 1332(a)(2) because this lawsuit is between citizens of different states and the amount in controversy exceeds $75,000. For the purposes of federal diversity jurisdiction and removal to federal court, the citizenship of a limited liability is determined by the citizenship of all of its members. Pursuant to 28 U.S.C. § 1332, a "corporation shall be deemed to be a citizen of any State in which it has been incorporated and of the State where it has its principal place of business." The Fifth Circuit "applies a 'total activity' test to determine the principal place of business."[2] To determine citizenship for the purposes of diversity, courts look to "the nature, location, importance, and purpose of a corporation's activities and the degree to which those activities bring the corporation into contact with the local community."[3]

10.

Plaintiff, Michael Young, is a resident of and domiciled within the State of Louisiana.[4]

---

[2] *Nauru Phosphate Royalties, Inc. v. Drago Daic Interests, Inc.,* 138 F.3d 160, 164 (5th Cir.1998).
[3] *Id.*
[4] *See* Petition for Damages, Exhibit "A."

V.     **REMOVAL JURISDICTION PURSUANT TO DIVERSITY JURISDICTION**

11.

BP America Inc., is now, and was at the time the Petition was filed, a corporation organized under the laws of Delaware. BP America Inc. is incorporated in Delaware with its principal place of business in Houston, Texas. Accordingly, BP America Inc. is a citizen of the State of Delaware and the State of Texas for the purposes of diversity jurisdiction.

Should the Plaintiff decline to dismiss BP America Inc. from this matter, BP America Inc. reserves its defenses, exceptions, affirmative defenses, and rights under the Federal Rules of Civil Procedure to seek dismissal from this Court.

12.

Upon information and belief, Spartan Companies, LLC of Utah., whose proper name is Spartan Companies 300, LLC d/b/a Spartan Companies, LLC of Utah[5], is now, and was at the time the Petition was filed, a limited liability company formed in the State of Utah whose members, Boman Lapp, Stuart Goble, and Sallie Stephens are citizens of Utah, and Josh Thornock, who is a citizen of Wyoming.[6] For purposes of diversity jurisdiction, the party invoking federal jurisdiction must list the citizenship of each member of each limited liability company to properly allege diversity of citizenship.[7] Accordingly, Spartan Companies, LLC of Utah. is considered a citizen of the State of Utah and the State of Wyoming for the purposes of diversity jurisdiction.

---

[5] When Spartan registered to do business in Louisiana, they did so with their d/b/a "Spartan Companies, LLC" but the state pf Louisiana added "of Utah" to the end per Secretary of State's website.
[6] Four S-Corps own Spartan Companies 300, LLC and each is owned by one individual. Mr. Lapp owns Rann Companies, LLC, Mr. Thornock owns Joshua Thornock Investments, LLC, Mr. Goble owns Stuart M. Goble Consulting, LLC, and Ms. Stephens owns BGSE Investments, LLC.
[7] *Id.*

13.

Upon information and belief, BP Lubricants USA Inc., the real party in interest, is now, and was at the time the Petition was filed, a corporation organized under the laws of Delaware. BP Lubricants USA Inc., with its principal place of business in Wayne, New Jersey. Accordingly, BP Lubricants USA Inc. is a citizen of the State of Delaware and the State of New Jersey for the purposes of diversity jurisdiction.

14.

There is complete diversity of citizenship because Plaintiff is a Louisiana resident and domiciliary, and Defendants, Spartan Companies, LLC of Utah. is a foreign limited liability company and is a citizen of the State of Utah and the State of Wyoming and BP America Inc., though not the correct party in interest, is a foreign corporation and is a citizen of the State of Delaware and the State of Texas. Furthermore, BP Lubricants USA Inc., the proper party in interest, is a foreign corporation and is a citizen of the State of Delaware and the State of New Jersey.

15.

BP America Inc. further shows that the amount in controversy exceeds Seventy-Five Thousand Dollars ($75,000.00), exclusive of interest and costs, but denies any liability to Plaintiff in any amount whatsoever.

16.

Although Plaintiff does not plead a specified amount of damages, the amount in controversy requirement is satisfied from the face of the Petition due to the nature and extent of the injuries and damages alleged by Plaintiff. Plaintiff alleges that as a result of the alleged slip

and fall, he sustained "various injuries".[8] He further seeks recovery of past, present, and future damages in the form of physical pain and suffering, mental pain and anguish, medical expenses, psychological and emotional distress as well as past, present loss of enjoyments of life, lost wages, and finally, loss of earning capacity.[9]

17.

Plaintiff has not attached to his Petition a binding stipulation irrevocably waiving his right to recover damages in excess of any specified amount, or irrevocably waiving his right to amend his Petition to seek additional damages.

18.

Removal of a case from state to federal court is proper if the case could have been brought originally in federal court.[10] An action shall be removable on the grounds of diversity "only if none of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought."[11] A federal court has original jurisdiction of all civil actions "where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different States."[12]

19.

This case is removable under 28 U.S.C. § 1441(a). This suit involves a controversy over which the United States District Court has original jurisdiction based upon diversity of citizenship pursuant to 28 U.S.C. § 1332(a). Plaintiff is a citizen of the State of Louisiana, Defendant, BP America Inc., is a foreign citizen and/or citizen of the State of Delaware and the

---

[8] *See* Petition for Damages, ¶ 18, Exhibit "A".
[9] *Id.* at ¶ 19.
[10] *See* 28 U.S.C. § 1441(a).
[11] 28 U.S.C. § 1441(b).
[12] 28 U.S.C. § 1332(a).

7

State of Texas, and Defendant Spartan is a foreign citizen and/or citizen of the State of Utah and the State of Wyoming. Should BP Lubricants USA Inc. be substituted as a proper party interest, complete diversity will remain because BP Lubricants USA Inc. is a citizen of the State of Delaware and the State of New Jersey. Accordingly, there is full diversity of citizenship between Plaintiff, and all *properly* joined and served Defendants. The amount in controversy exceeds the sum or value of $75,000.

20.

Pertinent information regarding the parties in this case, their counsel, and the State court are as follows:

    a)    Plaintiff, Michael Young, is represented by:

        Tajh D. Mathews
        Jones and Mathews Law Firm, LLC
        11715 Bricksome Ave., Ste. A3
        Baton Rouge, LA 70816
        Telephone: (225) 960-4231
        Facsimile: (225) 395-0823
        tmathews@mjtmlaw.com

    b)    Defendant, BP America Inc., is represented by:

        Salvador J. Pusateri
        Aaron B. Greenbaum
        Rowen F. Asprodites
        Kristian B. Dobard
        Pusateri, Johnston, Guillot & Greenbaum, LLC
        1100 Poydras Street, Suite 2250
        New Orleans, LA 70163
        Telephone: (504) 620-2500
        Facsimile: (504) 620-2510
        Salvador.Pusateri@pjgglaw.com
        Aaron.Greenbaum@pjgglaw.com
        Rowen.Asprodities@pjgglaw.com
        Kristian.Dobard@pjgglaw.com

    c)    Defendant, Spartan Companies, LLC d/b/a Spartan Companies, LLC of Utah, is represented by:

> Matthew W. Bailey
> Irwin Fritchie Urquhart Moore & Daniels LLC
> 450 Laurel Street, Ste. 1150
> Baton Rouge, LA 70801
> Telephone: (225) 615-7395
> Facsimile: (225) 615-7179
> mbailey@irwinllc.com

    d)    The case is being removed from the 18th Judicial District Court, Parish of West Baton Rouge, State of Louisiana, which is located at:

> 18th Judicial District Court
> 850 8th Street
> Port Allen, LA 70767

21.

Pursuant to Rule 11 of the Federal Rules of Civil Procedure, undersigned counsel signing on behalf of BP America Inc. certifies that he has read the foregoing Notice of Removal, that to the best of his knowledge, information, and belief formed after reasonable inquiry, it is well-grounded in fact and is warranted by existing law or a good faith argument for the extension, modification, or reversal of existing law, and that it is not interposed for any improper purpose.

22.

All known properly joined and served Defendants consent to this Removal. In accordance with the requirement of unanimous consent set forth by 28 U.S.C. § 1446(b), each Defendant provides a written indication of consent, and its authority to do so, in the form of statements attached hereto.[13] By filing this Notice of Removal, Defendants have appeared and do not waive, but hereby affirmatively assert, any and all defenses, affirmative defenses, and exceptions

---

[13] *See* Joinder and Consent and Statement of Consent by Defendant, Spartan Companies, LLC of Utah., attached hereto as Exhibit "B".

available and/or applicable to them, including those set forth under Louisiana and/or Federal Rules of Civil Procedure 8 and 12.

23.

Pursuant to 28 U.S.C. § 1446(d), contemporaneous with the filing of this Notice of Removal, BP America Inc. has filed a copy of the Notice of Removal with the clerk of the 18th Judicial District Court, Parish of West Baton Rouge.

24.

Defendant, BP America Inc., reserves the right to amend and/or supplement this Notice of Removal.

**WHEREFORE**, BP America Inc. hereby removes this action to the United States District Court for the Middle District of Louisiana.

Respectfully submitted,

*/s/Aaron B. Greenbaum*
Aaron B. Greenbaum, T.A. (#31752)
Salvador J. Pusateri (#21036)
Rowen F. Asprodites (#33135)
Kristian B. Dobard (#36997)
PUSATERI, JOHNSTON, GUILLOT & GREENBAUM
1100 Poydras Street, Suite 2250
New Orleans, LA 70163
Telephone: 504-620-2500
Facsimile: 504-620-2510
Aaron.Greenbaum@pjgglaw.com
Salvador.Pusateri@pjgglaw.com
Rowen.Asprodites@pjgglaw.com
Kristian.Dobard@pjgglaw.com
**ATTORNEYS FOR DEFENDANT,
BP AMERICA INC.**