**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF LOUISIANA**

**MICHAEL YOUNG**                                           **CIVIL ACTION NO.**

**VERSUS**

**SPARTAN COMPANIES, LLC**                                  **23-1440-BAJ-SDJ**
**OF UTAH, et al.**

## NOTICE

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the U. S. District Court.

In accordance with 28 U.S.C. § 636(b)(1), you have **14 days** after being served with the attached report to file written objections to the proposed findings of fact, conclusions of law, and recommendations set forth therein. Failure to file written objections to the proposed findings, conclusions, and recommendations within **14 days** after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court.

**ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.**

Signed in Baton Rouge, Louisiana, on May 21, 2024.

_____
**SCOTT D. JOHNSON**
**UNITED STATES MAGISTRATE JUDGE**

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

**MICHAEL YOUNG**                              **CIVIL ACTION NO.**

**VERSUS**

                                                **23-1440-BAJ-SDJ**

**SPARTAN COMPANIES, LLC**
**OF UTAH, et al.**

### MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Based on this Court's independent obligation to ensure its own subject matter jurisdiction, it is recommended that this matter be remanded to the Eighteenth Judicial District for the Parish of West Baton Rouge, State of Louisiana, on the Court's own motion based on the failure of removing Defendant BP America Inc. to show by a preponderance of the evidence that the amount in controversy likely exceeds the jurisdictional threshold necessary to exercise federal jurisdiction under 28 U.S.C. § 1332.

**I.     BACKGROUND**

This case involves claims for damages allegedly sustained by Plaintiff in a slip and fall that occurred on August 26, 2022.[1] Per Plaintiff, he "sustained various injuries and medical bills" as a result of slipping and falling on "an oily liquid substance" leaking from an unsecured pipe.[2] On August 28, 2023, Plaintiff filed a Petition for Damages against BP and Spartan Companies, LLC, of Utah in the Eighteenth Judicial District Court for the Parish of West Baton Rouge, Louisiana.[3] BP removed the matter to this Court on October 5, 2023.[4] In its Notice of Removal, BP alleges

---

[1] R. Doc. 1-1 at 4 ¶ 2.
[2] *Id.* at 5 ¶¶ 6, 8 and 7 ¶18.
[3] R. Doc. 1-1 at 1-8.
[4] R. Doc. 1.

that the basis for federal subject matter jurisdiction is diversity of citizenship under 28 U.S.C. § 1332.[5]

As explained in the *sua sponte* Notice and Order issued by the Court on March 12, 2024, the Notice of Removal and supporting documentation did not show that Plaintiff's damages likely exceed $75,000, exclusive of interest and costs.[6] BP was ordered to file a memorandum and supporting evidence concerning whether the amount in controversy requirement of 28 U.S.C. § 1332 is met.[7] In addition, Plaintiff was ordered to respond to BP's memorandum regarding amount in controversy by filing either: (1) a Notice stating that he does not dispute that BP established the jurisdictional requirements of 28 U.S.C. § 1332, or (2) a Motion to Remand.[8]

On March 20, 2024, BP filed its Memorandum in Support of Jurisdictional Amount in Controversy.[9] After receiving certain medical records from Plaintiff, BP, with leave of court, filed a Supplemental Memorandum in Support of Jurisdictional Amount in Controversy on April 9, 2024.[10] Plaintiff, to date, has failed to adhere to the Court's order and file any response to BP's memoranda.

## II.    LAW AND ANALYSIS

### A.    Removal Standard

A defendant may remove "any civil action brought in a State court of which the district courts of the United States have original jurisdiction." 28 U.S.C. § 1441(a). When original jurisdiction is based on diversity of citizenship, the cause of action must be between "citizens of different States" and the amount in controversy must exceed the "sum or value of $75,000,

---

[5] *Id.* at 4.
[6] R. Doc. 24.
[7] *Id.* at 3.
[8] *Id.*
[9] R. Doc. 25.
[10] R. Docs. 29, 31.

3

exclusive of interest and costs." 28 U.S.C. § 1332(a)-(a)(1). Subject matter jurisdiction must exist at the time of removal to federal court, based on the facts and allegations contained in the complaint. *St. Paul Reinsurance Co., Ltd. v. Greenberg*, 134 F.3d 1250, 1253 (5th Cir. 1998) ("jurisdictional facts must be judged as of the time the complaint is filed"). The removing party has the burden of proving federal diversity jurisdiction. *Garcia v. Koch Oil Co. of Tex. Inc.*, 351 F.3d 636, 638 (5th Cir. 2003). The removal statute, 28 U.S.C. § 1441, is strictly construed, and any doubt as to the propriety of removal should be resolved in favor of remand. *Gasch v. Hartford Acc. & Indem. Co.*, 491 F.3d 278, 281-82 (5th Cir. 2007). *See also Gutierrez v. Flores*, 543 F.3d 248, 251 (5th Cir. 2008) ("Because removal raises significant federalism concerns, the removal statute is strictly construed 'and any doubt as to the propriety of removal should be resolved in favor of remand.'"). The Court has a duty to raise the issue of jurisdiction *sua sponte*, as it has done here. *See McDonal v. Abbott Labs.*, 408 F.3d 177, 182, n. 5 (5th Cir. 2005) ("[A]ny federal court may raise subject matter jurisdiction *sua sponte*.").

  **B. ALLEGATIONS AS TO AMOUNT IN CONTROVERSY**

In his Complaint, Plaintiff does not provide any information about any injuries he allegedly suffered in the slip and fall accident underlying this litigation. Rather, he states only that he struck "parts of [his] body on the table and floor" and "sustained various injuries and medical bills incidental thereto."[11] He also claims he "continues to suffer from the injuries received."[12] No additional information about the type or extent of his injuries is provided. Plaintiff seeks damages for loss of earning capacity as well as past, present, and future: physical pain and suffering, mental

---

[11] R. Doc. 1-1 at 5 ¶ 9, 7 ¶ 18.
[12] *Id.* at 7 ¶ 18.

pain and anguish, medical expenses, psychological and emotional distress, loss of enjoyments of life, and lost wages.[13]

In the Notice of Removal, BP asserts that it is facially apparent from Plaintiff's Petition that the amount in controversy is satisfied "due to the nature and extent of the injuries and damages alleged by Plaintiff," specifically, that Plaintiff alleges he sustained "various injuries."[14] BP then lists the damages being sought by Plaintiff and notes that Plaintiff has not entered into a binding stipulation that his damages do not exceed $75,000.[15] No further information about Plaintiff's injuries or damages is provided.

In its Memorandum in Support of Jurisdictional Amount in Controversy, BP notes that, to date, Plaintiff's counsel has not yet enrolled in the case, and while Plaintiff has provided only a few medical records, he has not provided proper authorization for defense counsel to obtain medical records.[16] BP also states that no formal discovery has been conducted.[17] Per BP, "[a]s of March 14, 2024, [Louisiana Workers' Compensation Corporation] advises that it has paid a total sum of $3,571.20 in medical benefits" regarding Plaintiff's claim.[18] This is the only information provided as to medical expenses Plaintiff has incurred.

In its Supplemental Memorandum in Support of Jurisdictional Amount in Controversy, BP states that Plaintiff produced medical records on March 1, 2024, though it is unclear from the record whether this is the totality of Plaintiff's medical records resulting from the alleged injury at issue here.[19] BP states that Plaintiff "is claiming lumbar and thoracic spine injuries as a result of

---

[13] *Id.* ¶ 19.
[14] R. Doc. 1 at 6-7.
[15] *Id.* at 7.
[16] R. Doc. 25 at 1, 2.
[17] *Id.* at 2.
[18] *Id.* at 5.
[19] R. Doc. 31 at 2.

5

the incident."[20]  Per the information provided, Plaintiff, following an x-ray, was diagnosed with lumbosacral facet joint syndrome, lumbosacral spondylolisthesis, and radiculopathy.[21]  Plaintiff later underwent an MRI of his lumbar spine, which showed disc bulges at L4-L5 and a superimposed shallow broad-based herniation at L4-L5.[22]  As of the date of removal, Plaintiff had completed at least 33 physical therapy sessions and was recommended to receive a lumbar epidural steroid injection.[23]  BP also relies on general damages awards equaling or exceeding $75,000 from Louisiana state courts involving injuries purportedly similar to Plaintiff's.[24]

      C.      **BP HAS FAILED TO ESTABLISH THE REQUISITE AMOUNT IN CONTROVERSY**

Louisiana law prohibits plaintiffs from specifying a monetary amount of damages in their state court petitions.  La. Code Civ. P. art. 893(A)(1); *Luckett v. Delta Airlines, Inc.*, 171 F.3d 295, 298 (5th Cir. 1999).  When a plaintiff has not alleged a specific amount of damages, a removing defendant bears the burden of proving by a preponderance of the evidence that the amount in controversy exceeds $75,000.  *Luckett*, 171 F.3d at 298, citing *DeAguilar v. Boeing Co.*, 11 F.3d 55, 58 (5th Cir. 1993).  The removing party may make this showing either: "(1) by demonstrating that it is 'facially apparent' that the claims are likely above $75,000, or (2) 'by setting forth the *facts* in controversy—preferably in the removal petition, but sometimes by affidavit—that support a finding of the requisite amount.'"  *Luckett*, 171 F.3d at 298, quoting *Allen v. R & H Oil & Gas Co.*, 63 F.3d 1326, 1335 (5th Cir. 1995) (emphasis in original).

When—like here—the facially apparent test is not met, the district court may require the parties to "submit summary-judgment-type evidence, relevant to the amount in controversy at the

---

[20] *Id.* at 6.
[21] *Id.* at 2.
[22] *Id.* at 3.
[23] *Id.*
[24] R. Doc. 25 at 7-9; R. Doc. 31 at 3-6.

6

time of removal." *Allen v. R & H Oil & Gas Co.*, 63 F.3d 1326, 1336 (5th Cir. 1995); *Delta Coatings, Inc. v. Travelers Prop. Cas. Co. of Am.*, No. 15-222, 2016 WL 7851411, *2 (M.D. La. Oct. 21, 2016). "The jurisdictional facts that support removal must be judged at the time of the removal." *Gebbia v. Wal-Mart Stores, Inc.*, 233 F.3d 880, 883 (5th Cir. 2000); *see also Allen*, 63 F.3d at 1335 ("under any manner of proof, the jurisdictional facts that support removal must be judged at the time of the removal, and any post-petition affidavits are allowable only if relevant to that period of time").

As set forth above, the evidence provided by BP indicates that $3,571.20 has been spent on Plaintiff's medical bills.[25] The evidence also indicates lumbar and thoracic spine injuries, for which Plaintiff has received conservative treatment, *i.e.*, an x-ray, an MRI, and physical therapy. The Court notes that Plaintiff's medical records reflect that Plaintiff "shows improvement with conservative therapy at re-evaluation."[26] There is no surgery recommendation in the record for Plaintiff. Most importantly, the record contains little information about Plaintiff's prognosis and recommended future treatment.

There is ample authority from this Court and others in this Circuit that removing defendants fail to establish the jurisdictional amount in controversy when alleging similar injuries, treatment, and medical expenses. *See, e.g., Jaral v. Amica Mut. Ins. Co.*, No. 22-237, 2023 WL 2639287 (M.D. La. Feb. 27, 2023), *report and recommendation adopted*, 2023 WL 2639271 (M.D. La. Mar. 24, 2023) (finding defendant had not met its burden of proving jurisdictional amount where plaintiff had at least $7,625 in medical expenses and suffered disc protrusions and herniations at L4-L5 and L5-S1, with an MRI and other conservative treatment and no surgery recommendation); *Cole v. Messilla Valley Transp.*, No. 16-841, 2017 WL 1682561 (M.D. La. Mar. 15, 2017), *report*

---

[25] R. Doc. 25 at 5.
[26] R. Doc. 31-1 at 29, 37, 54.

7

*and recommendation adopted*, 2017 WL 1684515 (M.D. La. May 1, 2017) (holding that plaintiff's medical expenses of $7,318 at the time of removal, with the possible additional cost of an MRI, physical therapy, and a recommendation for epidural steroid injections, for treatment of several lumbar disc bulges was not sufficient for federal jurisdiction); *Barrow v. James River Ins. Co.*, No. 16-15967, 2017 WL 656725 (E.D. La. Feb. 15, 2017) (holding amount in controversy not satisfied where plaintiff incurred $4,600 in medical expenses at the time of removal and received physical therapy and an epidural steroid injection to treat disc herniations at L3-4, L4-5, and L5-S1); *McCain v. Winn-Dixie Montgomery, LLC*, No. 16-1546, 2016 WL 2908418 (E.D. La. May 19, 2016) (finding amount in controversy not satisfied where slip-and-fall plaintiff incurred $6,384 in medical expenses at time of removal, and medical records indicated cervical disc bulges at C4-5, C5-6, and C6-7; exacerbation of preexisting lumbar disc herniations; and other injuries to wrist and hip).

In addition, BP's emphasis on the fact that Plaintiff "has failed to state that his damages fall below the jurisdictional limit" is not dispositive. Per BP, it asked Plaintiff whether he "will stipulate that his damages are below $75,000.00," to which Plaintiff did not respond.[27] BP argues that Plaintiff's "explicit refusal to state that his damages fall below the jurisdictional limit required for diversity jurisdiction, coupled with the alleged seriousness of the injuries suffered by the Plaintiff, establishes that it is more probable than not that the damages asserted exceed the jurisdictional amount."[28] Not only is this an incorrect standard for establishing jurisdictional amount, but this Court has repeatedly found that, while the failure to include a Louisiana Code of

---

[27] R. Doc. 25 at 5.
[28] *Id.*

8

Civil Procedure article 893[29] allegation and/or a plaintiff's refusal to stipulate that their damages do not exceed the jurisdictional threshold are entitled to come consideration, they are not dispositive of the amount in controversy. *Jaral*, 2023 WL 2639287, at *7; *see also Demoulin v. Labor Smart, Inc.*, No. 17-115, 2017 WL 2471057, at *3 (M.D. La. May 19, 2017), *report and recommendation adopted*, 2017 WL 2468796 (M.D. La. Jun. 7, 2017) ("This Court has previously held that the 'absence of such a statement in the Petition may be considered in determining whether the amount in controversy is sufficient.'"); *Weber v. Stevenson*, No. 07-595, 2007 WL 4441261, at *4 (M.D. La. Dec. 14, 2007) ("[T]he court finds that the plaintiffs' failure to follow La. C.C.P. art. 893(A)(1)'s mandate, while entitled to some consideration, in and of itself is not determinative of the amount in controversy."); *Ford v. State Farm Mut. Auto. Ins. Co.*, No. 08-403, 2009 WL 790150, at *4 (M.D. La. Mar. 25, 2009) ("[A]ll three U.S. District Courts in the State of Louisiana have recognized that the failure to include an Article 893 stipulation alone is insufficient to establish that the jurisdictional minimum is in controversy.").

Here, even giving some weight to Plaintiff's failure to include an Article 893 allegation in his Petition and failure to stipulate that his damages do not exceed $75,000, the Court finds that those actions are not sufficient to sustain BP's burden, in light of the low amount of Plaintiff's known medical expenses and the conservative treatment he has received, with no evidence of the extent or cost of future treatment, if any, and no evidence of lost earnings or other non-medical expenses.

---

[29] La. Code Civ. P. art. 893(A)(1) provides, in pertinent part: No specific monetary amount of damages shall be included in the allegations or prayer for relief of any original, amended, or incidental demand. The prayer for relief shall be for such damages as are reasonable in the premises except that if a specific amount of damages is necessary to establish the jurisdiction of the court, the right to a jury trial, the lack of jurisdiction of federal courts due to insufficiency of damages, or for other purposes, a general allegation that the claim exceeds or is less than the requisite amount is required.

In its Supplemental Memoranda, BP "avers that as of the time of removal, it is not a 'legal certainty' that the amount in controversy is less than the jurisdictional amount."[30]  However, BP has the burden of proof to show that the amount in controversy exceeds $75,000.  Based on the information provided both in its Notice of Removal and Supplemental Memoranda, BP has failed to carry its burden.

### III.   RECOMMENDATION

Based on the foregoing, and because doubts about the propriety of removal are to be resolved in favor of remand,

**IT IS RECOMMENDED** that this matter be remanded to the Eighteenth Judicial District Court for the Parish of West Baton Rouge, State of Louisiana for lack of subject matter jurisdiction on the Court's own motion.

Signed in Baton Rouge, Louisiana, on May 21, 2024.

**SCOTT D. JOHNSON**
**UNITED STATES MAGISTRATE JUDGE**

---

[30] R. Doc. 25 at 10; R. Doc. 31 at 6.