UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

MICHAEL YOUNG                                          CIVIL ACTION

VERSUS

SPARTAN COMPANIES, LLC OF UTAH,          NO. 23-01440-BAJ-SDJ
ET AL.

### RULING AND ORDER

This is a personal injury case. Plaintiff filed suit in the Eighteenth Judicial District Court for the Parish of West Baton Rouge, Louisiana, on August 28, 2023, alleging that he sustained damages when he slipped and fell at a facility owned by Defendant BP America Inc. (Doc. 1-1 ¶¶ 6, 8, 18). BP removed the matter to this Court on October 4, 2023, arguing that the basis for federal subject matter jurisdiction is diversity of citizenship under 28 U.S.C. § 1332. (Doc. 1 at 4).

On May 21, 2024, the Magistrate Judge issued a **Report and Recommendation (Doc. 35, the "R&R")** recommending that this case be *sua sponte* remanded to the Eighteenth JDC for lack of subject matter jurisdiction based on Defendant's failure to establish that the amount in controversy exceeds the $75,000 jurisdictional minimum for diversity jurisdiction under § 1332. (*Id.*). BP objected to the R&R. (Doc. 36).

In its objection, BP fails to substantively contest the Magistrate Judge's conclusion that the amount in controversy here is unlikely to exceed $75,000. When a plaintiff has not alleged a specific amount of damages, as is the case here, a

removing defendant bears the burden of proving by a preponderance of the evidence that the amount in controversy exceeds $75,000. *Luckett v. Delta Airlines, Inc.*, 171 F.3d 295, 298 (5th Cir. 1999) (citing *DeAguilar v. Boeing Co.*, 11 F.3d 55, 58 (5th Cir. 1993)). The removing party may make this showing either: "(1) by demonstrating that it is 'facially apparent' that the claims are likely above $75,000, or (2) 'by setting forth the *facts* in controversy—preferably in the removal petition, but sometimes by affidavit—that support a finding of the requisite amount.'" *Luckett*, 171 F.3d at 298 (quoting *Allen v. R & H Oil & Gas Co.*, 63 F.3d 1326, 1335 (5th Cir. 1995)) (emphasis in original). The petition itself, which only alleges that Plaintiff lost his balance, fell, and struck parts of his body on the floor, does not make it facially apparent that the damages will exceed $75,000. (Doc. 1-1 ¶ 9). Similarly, the evidence provided by BP indicates that only $3,571.20 has been spent on Plaintiff's medical bills and that after an x-ray, an MRI, and physical therapy, Plaintiff already "shows improvement." (Docs. 25 at 5; 31-1 at 29, 37, 54). Importantly, there is no surgery recommendation in the record or recommendation regarding future treatment.

In the R&R, the Magistrate Judge cites numerous decisions from this and other federal courts in Louisiana remanding personal injury cases under similar circumstances. (Doc. 35 at 7–8). This authority is more persuasive than the select examples BP cites involving state court awards of more than $75,000 in cases where the plaintiffs suffered back injuries. (Doc. 36 at 8–10). Notwithstanding these cherry-picked examples, the present issue is whether BP has shown *here*, based on Plaintiff's Petition and additional evidence submitted, that Plaintiff's claim will exceed $75,000.

2

The Court agrees with the Magistrate Judge that BP has not done so, "in light of the low amount of Plaintiff's known medical expenses and the conservative treatment he has received, with no evidence of the extent or cost of future treatment, if any, and no evidence of lost earnings or other non-medical expenses." (Doc. 35 at 9).

Nor does BP convince the Court that jurisdictional discovery is required here, as BP only cites cases involving jurisdictional discovery into the citizenship of parties, not the amount in controversy. (Doc. 36 at 12–14). Notably, in one case BP cites in which the Court found the amount in controversy satisfied, but in which jurisdictional discovery was not allowed, the plaintiff had already incurred $36,915.43 in medical expenses, *Castracane v. Singh,* No. CV 23-385-SDD-EWD, 2023 WL 9229116, at *4 (M.D. La. Dec. 5, 2023), *report and recommendation adopted sub nom. Castracane v. Helmerich & Payne, Inc.*, No. CV 23-385, 2024 WL 188995 (M.D. La. Jan. 17, 2024)— more than ten times what Plaintiff has incurred here.

Finally, any doubt as to the propriety of removal should be resolved in favor of remand. *Gasch v. Hartford Acc. & Indem. Co.*, 491 F.3d 278, 281–82 (5th Cir. 2007); *see also Gutierrez v. Flores*, 543 F.3d 248, 251 (5th Cir. 2008) ("Because removal raises significant federalism concerns, the removal statute is strictly construed 'and any doubt as to the propriety of removal should be resolved in favor of remand.'").

Upon *de novo* review of Defendants' Notice of Removal (Doc. 1), the memoranda related to the amount in controversy, (Docs. 25, 31), and BP's objections to the R&R, the Court **APPROVES** the Magistrate Judge's Report and Recommendation and **ADOPTS** it as the Court's opinion in this matter.

Accordingly,

**IT IS ORDERED** that the above-captioned action be and is hereby immediately **REMANDED** to the Eighteenth Judicial District Court for the Parish of East Baton Rouge, Louisiana.

Baton Rouge, Louisiana, this 4th day of September, 2024

_____
**JUDGE BRIAN A. JACKSON**
**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF LOUISIANA**

4